UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADRIAN LORENZO THOMAS,

      Petitioner,

                                Case No. 8:13-CV-215-T-15MAP
                                           8:07-CR-203-T-27MAP

UNITED STATES OF AMERICA,

      Respondent.

_____/

## O R D E R

    This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1), the Government's response in opposition thereto (Cv-D-12), the United States' Supplemental Response in Opposition (Cv-D-14), and Petitioner's Motion Requesting Leave to Amend and/or Supplement Section 28 U.S.C. § 2255 Motion Pursuant to Rules 15(a) and/or 15(c) of the Federal Rules of Procedure (Cv-D-15).

    By way of background, Petitioner was convicted of possession with the intent to distribute 5 grams or more of cocaine base and cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) and (b)(1)(C). The Court sentenced Petitioner to a term of imprisonment of 294 months. Petitioner appealed. The Eleventh Circuit affirmed. The Supreme Court denied Petitioner a writ of certiorari on January 17, 2012.

    Petitioner timely filed § 2255 motion raising various claims

of ineffective assistance of counsel.  Specifically, Petitioner claims that his counsel was ineffective in failing to: (1) attack jurisdiction; (2) contest the drug substance; (3) attack the notice filed pursuant to 21 U.S.C. § 851; (4) argue that his prior convictions are not qualifying convictions to trigger an enhanced sentence; and (5) file a motion to suppress relating to the 2006 stop of his vehicle.  Nearly five months later, and after the Government had filed its response and supplemental response, Petitioner filed a motion to amend his § 2255 to add an additional six grounds based on Moncrieffe v. Holder, 133 S. Ct. 1678 (2013). He claims the following: (1) he is actually innocent of the enhanced sentence because his four prior drug convictions constitute misdemeanors under the Controlled Substances Act; (2) the Court exceeded its jurisdiction in enhancing his sentence; (3) violation of Fifth Amendment; (4) ineffective assistance in failing to argue actual innocence; (5) ineffective assistance in failing to argue the Court exceeded its jurisdiction; and (6) ineffective assistance in failing to argue violation of the Fifth Amendment.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel require a showing of the two-prong test as set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  In order to succeed under the Strickland test, a movant has the burden of proving: (1) deficient performance by counsel; and (2) prejudice resulting

therefrom.  Id. at 687.

The first prong of the Strickland test requires the Court to determine whether trial counsel performed below an "objective standard of reasonableness," while viewing counsel's challenged conduct on the facts of the particular case at the time of counsel's conduct. 466 U.S. at 688, 690.  Notably, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable and competent judgment.  Id.

A counsel's performance is deficient if, given all the circumstances, his or her performance falls outside of accepted professional conduct.  Strickland, 466 U.S. at 690.  "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy."  Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir.2000) (en banc) (quoting Strickland, 466 U.S. at 689 and Darden v. Wainwright, 477 U.S. 168 (1986)). Rather, for counsel's conduct to be unreasonable, a petitioner must show that "no competent counsel would have taken the action that his counsel did take."  Chandler, 218 F.3d at 1315.

The Supreme Court has consistently held that "as a matter of law, counsel's conduct ... cannot establish the prejudice required for relief under the second [prong] [o]f the Strickland inquiry."

Nix v. Whiteside, 475 U.S. 157, 175 (1986).   This admonition emphasizes the stringent requirement that if a petitioner does not satisfy both prongs of the Strickland test, "he will not succeed on an ineffective assistance claim." Zamora v. Dugger, 834 F.2d 956, 958 (11th Cir. 1987).   See also Weeks v. Jones, 26 F.3d 1030, 1037 (11th Cir. 1994).   Therefore, a court may resolve a claim of ineffective assistance of counsel based solely on lack of prejudice without considering the reasonableness of the attorney's performance.  Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995) (citing Strickland, 466 U.S. at 697).

With regard to the second prong, the petitioner must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, at 694-95.   A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id. at 694.   A petitioner must show a "substantial, not just conceivable, likelihood of a different result."   Cullen v. Pinholster, --- U.S. ----, 131 S.Ct. 1388, 1403 (2011) (citation omitted).

With the foregoing standard in mind, the Court addresses each of Petitioner's ineffective assistance of counsel claims included in his original motion below.   Then, the Court addresses Petitioner's motion to amend.

## I.    Failure to Argue Lack of Jurisdiction

Petitioner first contends that this Court "lacked jurisdiction to charge, prosecute, convict and sentence him" and that his counsel was ineffective in failing to raise this "jurisdictional question." (Cv-D-2.) He appears to claim that the State of Florida did not cede prosecution of him to the Federal Government and also appears to claim lack of jurisdiction pursuant to 40 U.S.C. § 3112. He additionally argues that the district court did not have jurisdiction because the offense did not occur on federal property.

Petitioner's claims of lack of jurisdiction are completely frivolous. First, Petitioner fails to recognize that 40 U.S.C. § 3112 has nothing to do with controlled substance cases. Rather, the controlling jurisdictional statute is 18 U.S.C. § 3231, which gives "[t]he district court of the United States ... original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." "[I]llegal possession and sale of drugs affects interstate commerce, and Congress accordingly has the authority under the Commerce Clause to criminalize and punish drug-related activity." United States v. Jackson, 111 F.3d 101, 102 (11th Cir. 1997). Here, the Superseding Indictment charged Petitioner with violations of laws of the United States including 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and (b)(1)(C). Thus, this Court had subject matter jurisdiction

pursuant to § 3231 and it was lawful for the Government to federally prosecute Petitioner for the drug offenses.  United States v. Quinto, 264 Fed. Appx. 800 (11th Cir. 2008) (per curiam); United States v. Brown, 227 Fed. Appx. 795, 798 (11th Cir 2007) (per curiam).  Furthermore, the offense need not occur on federal property.  Garcia v. United States, Nos. 2:07-cv-223-FtM-29SPC, 2:04-cr-16-FtM-29DNF, 2009 WL 2781750, at *4 (M.D. Fla. Aug. 28, 2009) (the court found that the Commerce Clause gives Congress the authority to punish conduct under Title 21 and such conduct is not limited to that which occurs on federal property).

Also, the fact that Petitioner was originally charged in state court is of no consequence.  Under the doctrine of dual sovereignty, a defendant's prior state prosecution does not bar a subsequent federal prosecution for that same conduct.  Abbate v. United States, 359 U.S. 187 (1959).

Petitioner's Tenth Amendment claim is also without merit.  The Supreme Court has found that the Controlled Substances Act is a valid exercise of Congressional power.  Gonzales v. Raich, 545 U.S. 1, 16-17 (2005). The Eleventh Circuit has held that "Congress's valid exercise of authority delegated to it under the Constitution does not violate the Tenth Amendment."  United States v. Williams, 121 F.3d 615, 620 (11th Cir. 1997).  Consequently, Petitioner's jurisdictional claims are without merit.

Furthermore, Petitioner is not entitled to relief as to his

claims of ineffective assistance of counsel for failing to raise the jurisdictional issues.   An attorney is not ineffective in failing to raise a meritless claim.   <u>See</u> <u>Freeman v. Attorney General, State of Florida</u>, 536 F.3d 1225 (11th Cir. 2008) (citing <u>Chandler v. Moore</u>, 240 F.3d 907, 917 (11th Cir. 2001).   Counsel cannot be labeled ineffective for failing to raise issues which have no merit. <u>See</u> <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11th Cir.1987) (evaluating likelihood of success on claim in assessing deficiency of counsel).

## II.  Ineffective Assistance - Failure to Contest Substance as Crack

Petitioner next argues that his counsel should have contested the drug substance.   He contends that the Government failed to charge in the Superseding Indictment and failed to prove beyond a reasonable doubt that the controlled substance was crack cocaine. Petitioner also contends that he is entitled to relief pursuant to the Fair Sentencing Act.

The Superseding Indictment in Petitioner's case charged "cocaine base" as to Counts One, Three, and Five and included reference to the statutory penalty provisions 21 U.S.C. §§ 841(b)(1)(B)(iii) and 841(b)(1)(A)(iii).  (Cr-D-13, p.1, p.2.)  The evidence presented at trial by the Government established the offenses charged in Counts One and Three involved crack cocaine. With regard to the controlled substance at issue in Count One, Ms.

Woytek, a Florida Department of Law Enforcement ("FDLE") crime laboratory analyst, testified that the substance was cocaine base and that cocaine base is also known as "crack cocaine." (Cr-D-87, p. 80-81.)  Ms. Woytek described the substance as off-white and chunky.  (Id. at p. 81.)  With regard to Count Three, Steven Hester, a crime laboratory analyst for the FDLE in the chemistry section, testified that the substance was cocaine base which is commonly known as "crack." (Id. at p. 107).  The Court instructed the jury that "[c]ocaine and cocaine base, also known as 'crack,' are 'controlled substances' within the meaning of the law. (Cr-D-62, p. 12.)  The jury specifically found Petitioner guilty of possessing with intent to distribute cocaine base, also known as "crack cocaine," as to Counts One and Three. (Cr-D-66.)  There was sufficient evidence, as set forth above, to support the jury's finding beyond a reasonable doubt.

To the extent Petitioner argues that the Government charged "cocaine base" and not "crack cocaine," an indictment need not specifically allege crack rather than cocaine base. DePierre v. United States, --- U.S. ----, 131 S.Ct. 2225, 2237 (2011) ("term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form.")  Accord United States v. Logan, 845 F.Supp. 2d 499 (E.D.N.Y. Feb. 23, 2012) (the indictment need not specifically allege "crack" as opposed to cocaine base), appeal dismissed No. 12-1187 (2nd Cir. July 5,

2012).

Petitioner is correct that the Government did not present any evidence demonstrating that the substance contained sodium bicarbonate.  According to the Guidelines, crack is "*usually prepared by processing cocaine hydrochloride and sodium bicarbonate....*"  U.S.S.G. § 2D1.1(c), note (D) (emphasis added). Various circuits, in considering this definition, have found that cocaine base need not contain sodium bicarbonate to be considered crack and, as such, the existence of sodium bicarbonate is not a prerequisite to a finding that a substance is crack cocaine. United States v. Whitehead, 487 F.3d 1068, 1072 (8th Cir. 2007) ("the government need not show the presence of sodium bicarbonate in order to prove that cocaine is crack); United States v. Diaz, 176 F.3d 52, 119 (2nd Cir. 1999); United States v. Jones, 159 F.3d 969, 982-83 (6th Cir. 1998); United States v. Brooks, 161 F.3d 1240, 1248 (10th Cir. 1998); United States v. Adams, 125 F.3d 586, 591 (7th Cir. 1997); United States v. Abdul, 122 F.3d 477 (7th Cir. 1997); United States v. Howell, 166 F.3d 335, at *8 (4th Cir. 1998) (unpublished table decision).

This Court agrees with the reasoning of the other circuits and finds that the Government is not required to prove the presence of sodium bicarbonate provided that there is other evidence demonstrating that the substance is crack cocaine.  As set forth above, the two crime laboratory analysts testified the substances

were crack cocaine.   Petitioner has not demonstrated that his counsel was deficient in failing to contest the drug type nor has he shown he was prejudiced as a result of counsel's failure to do so.  Burton v. United States, No. 6:10-cv-1041-Orl-28DAB, 2012 WL 3779055, at *5 (M.D. Fla. Aug. 31, 2012) (petitioner failed to show prejudice when evidence established the drugs were crack cocaine).

Finally, Petitioner is not entitled to relief under the Fair Sentencing Act of 2010 which amended the mandatory minimum sentencing for crack penalties by reducing the crack to power cocaine ratio from 100 to one to approximately 18 to one.[1] Significantly, the FSA is not retroactive to a prisoner, like Petitioner, whose offense and sentencing took place prior August 3, 2010.  United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam).

## III.  Ineffective Assistance - § 851 Notice

Petitioner next claims ineffective assistance of counsel relating to the notice of enhanced penalties pursuant to 21 U.S.C. § 851 and the career offender enhancement.   Specifically,

---

[1] Petitioner fails to recognize that at sentencing the Court found that "adherence to the 100-to-one disparity in the cocaine context is no longer a necessary or advisable predicate upon which to base a sentence for violation of the current cocaine drug laws, and that a ratio of one-to-one is, under the circumstances of this case, a fair and appropriate basis on which to calculate the sentence to be imposed."  (Cr-D-77, p.17-18.)  As a result, the Court recalculated Petitioner's guideline offense level using the cocaine powder guideline, which yielded a total offense level 34 and an advisory sentencing range of 262 to 327 months.

Petitioner contends his counsel failed to argue on appeal that the § 851 notice did not advise him of the career offender provision in the sentencing guidelines.  He further argues that the § 851 notice was void because he was acquitted of Count Five which would have required an enhancement of life imprisonment had he been convicted.

The Government filed its Information and Notice of Prior Convictions on January 9, 2009.  (Cr-D-17.)  The Notice advised Petitioner, that based on his prior convictions, he faced the following increased statutory penalties pursuant to 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851: (1) a term of mandatory life imprisonment as to Count Five; (2) a term of imprisonment of ten years to life as to Counts One and Three; (3) a term of imprisonment of no more than 30 years as to Counts Two, Four and Six.  The Notice advised of four prior felony drug convictions from 2003 and 2004. (Id.)

The Court easily disposes of Petitioner's claim that his attorney failed to argue on appeal that the Government did not provide notice of the convictions on which it intended to rely in seeking a career offender enhancement.  The law is clear in the Eleventh Circuit that the notice requirements do not apply when the Government seeks to use prior convictions as the basis for a career offender enhancement, "so long as the enhanced sentence still falls within the permissible statutory range."  United States v. Kicklighter, 346 Fed. Appx. 516 (11th Cir 2010) (per curiam)

(citation omitted); accord <u>United States v. McElroy</u>, 180 Fed. Appx. 82, 85 (11th Cir. 2006) (per curiam). Petitioner's sentence fell within the permissible statutory range. As there was no notice requirement, Petitioner's counsel was not ineffective in failing to raise the issue.

The Court rejects Petitioner's claim that the § 851 notice became void when he was acquitted as to Count Five. While Petitioner was acquitted of Count Five, which carried the most severe penalty, the notice also advised Petitioner of the penalties as to Counts One, Three, and Four (Cr-D-17) and was not void.

## IV.   Ineffective Assistance - Qualifying Convictions

Petitioner claims that his counsel was also ineffective in failing to argue that his prior convictions are not qualifying convictions to trigger an enhanced sentence under either § 851 or the sentencing guidelines.

### A.   Statutory Enhancement

Section 841(b)(1)(B) provides that, "[i]f any person commits a violation of this subparagraph...after two or more prior convictions for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment ...." 21 U.S.C. § 841(b)(1)(B). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of

the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

According to the PSI, Petitioner was convicted of possession of marijuana with intent to sell in violation of Fla. Stat. § 893.13(1)(A) (cases 01-CF-19387[2] and 02-CF-8531), possession of cocaine in violation of Fla. Stat. § 893.13(6)(a) (cases 02-CF-3170 and 03-CF-9649), and possession of cannabis in violation of Fla. Stat. § 893.13(1)(f) (case 03-CF-9649). (PSI ¶ 58, 60, 61, 62.) Florida law provides that cannabis and cocaine are controlled substances. Fla. Stat. §§ 893.03(1)(c)(7), 893.03(2)(a)(4). All of these offenses are third degree felonies, and, under Florida law, are punishable by a term of imprisonment not to exceed five years. Fla. Stat. § 775.082(3)(d).

A conviction for possession of cocaine pursuant to Fla. Stat. § 893.13(6)(a) constitutes a felony drug offense. United States v. Neal, --- Fed. Appx. ----, 2013 WL 2321399, at *2 (11th Cir. May 29, 2013) (per curiam). As such, Petitioner's convictions in cases 02-CF-3170 and 03-CF-9649 are felony drug offenses. Petitioner's remaining convictions listed above also constitute felony drug

---

[2] Petitioner's counsel could not have challenged the validity of this conviction as it occurred more than five years prior to the date of the information alleging the prior convictions. See 21 U.S.C. § 851(c).

offenses as they were punishable by more than one year imprisonment.  As such, the § 851 enhancement was appropriately applied, and Petitioner has not demonstrated prejudice resulting from his attorney's failure to attack these convictions.

### B.   Career Offender Enhancement

Petitioner was a career offender under the sentencing guidelines because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense.  (PSI ¶ 46.)  Specifically, Petitioner had two convictions for possession of marijuana with intent to sell and a conviction for obstructing or opposing an officer with violence in violation of Fla Stat. § 843.01.[3]  (PSI ¶ 46, 58, 60 and 61.)

Petitioner's contention that his conviction for obstructing an officer with violence is not a qualifying felony is without merit. The controlling law of the Eleventh Circuit is that obstructing or opposing an officer with violence constitutes a crime of violence for purposes of the sentencing guidelines.  United States v. Romo-Villaobos, 674 F.3d 1246, 1251 (11th Cir.), cert. denied, 133 S.Ct. 248 (2012).

The sentencing guidelines define a "controlled substance offense" as follows:

---

[3] Petitioner could not collaterally attack at sentencing these convictions unless the convictions were obtained in violation of his right to counsel.  United Phillips, 120 F.3d 227 (11th Cir. 1997).

> an offense under federal or state law, punishable by
> imprisonment for a term exceeding one year, that
> prohibits the manufacture, import, export, distribution,
> or dispensing of a controlled substance (or a counterfeit
> substance) or the possession of a controlled substance
> (or a counterfeit substance) with intent to manufacture,
> import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).   Florida law prohibits the possession of marijuana with the intent to sell.   Fla. Stat. § 891.13(1)(a). Petitioner's Florida convictions for possession of marijuana with intent to sell were punishable by term of imprisonment not to exceed five years.   Fla. Stat. § 775.082(3)(d).

Petitioner contends that his state drug convictions do not fall within the definition of "controlled substance offense" under U.S.S.G. § 4B1.2 because Fla. Stat. § 893.13 is a strict liability statute which does not require mens rea.   Recently, the Eleventh Circuit in <u>United States v. Smith</u>, --- Fed. Appx. ----, 2013 WL 2986902, at *1-2 (June 17, 2013), rejected a similar claim.   The court explained:

> The district court did not commit plain error when
> it concluded that Smith's violation of § 893.13 was a
> "controlled substance offense" because neither the
> statutory language of the sentencing guidelines nor our
> case law requires that a "controlled substance offense"
> be one in which the defendant had knowledge of the
> illicit nature of the substance. <u>See</u> U.S.S.G. § 4B1.2(b)
> (defining a "controlled substance offense" as an offense
> under a law "that prohibits the manufacture, import,
> export, distribution, or dispensing of a controlled
> substance (or a counterfeit substance) or the possession
> of a controlled substance (or a counterfeit substance)
> with intent to manufacture, import, export, distribute,
> or dispense.").

> We look at the elements of the convicted offense, not the conduct underlying the conviction, to determine if a prior conviction is controlled substance offense under § 4B1.2(b). <u>United States v. Lipsey</u>, 40 F.3d 1200, 1201 (11th Cir.1994). Florida statute § 893.13(1)(a) makes it "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Therefore, Smith's violation of that statute was a "controlled substance offense." <u>See</u> U.S.S.G. § 4B1.2(b).

<u>Smith</u>, at *1-2.

In light of <u>Smith</u>, Petitioner's convictions for possession of marijuana with intent to sell constitute "controlled substance offenses" for purposes of the career offender enhancement. Thus, Petitioner had three qualifying convictions for purposes of the career offender enhancement. Petitioner's counsel was not ineffective in failing to challenge the enhancements as Petitioner would not have prevailed on the claims had they been raised.

## V.   Ineffective Assistance - Motion to Suppress

Petitioner next claims that his counsel was ineffective in failing to file a motion to suppress relating to the stop and subsequent search of the vehicle Petitioner was driving on December 8, 2006, despite Petitioner's request that counsel file a motion. The traffic stop was the basis for Counts Three and Four of the Superseding Indictment. Petitioner contends that he did not run a red light as claimed by Officer Lawton, but rather the stop was a result of racial profiling. He further contends that he did not consent to the search and that the police officer falsely claimed

that the vehicle smelled of marijuana to establish probable cause to search the vehicle.

After reviewing Petitioner's claim and the Government's response, the Court finds an evidentiary hearing is necessary in order to determine whether Petitioner's trial counsel was ineffective in failing to file a motion to suppress the 2006 traffic stop.

## VI. Motion for Leave to Supplement

On June 12, 2013, Petitioner filed a motion requesting leave to amend his § 2255 motion to add an additional six grounds for relief in light of Moncrieffe.[4]  Petitioner mailed his motion to amend on June 10, 2013, which is outside of the one-year limitations period for filing his § 2255.  As such, the Court can only consider those claims in his motion to amend that relate back to his original section 2255 motion petition pursuant to Rule 15(c), Fed.R. Civ.P.[5]  Dean v. United States, 278 F.3d 1218 (11th Cir. 2002) (per curiam); Pruitt v. United States, 274 F.3d 1315 (11th Cir. 2001)[6]; Davenport v. United States, 217 F.3d 1341 (11th

---

[4]   To date, the Government has not filed any opposition to Petitioner's motion.

[5]   "Under Rule 12 of the Rules Governing § 2255 Proceedings, a district court may apply the Federal Rules of Civil Procedure in a lawful manner consistent with the Rules Governing §2255 Proceedings." Farris v. United States, 333 F.3d 1211 (11th Cir. 2003).

[6]   Notably, in Pruitt v. United States, 274 F.3d 1315, 1319 (11th Cir. 2001), the court held that "[t]he same analysis applies whether a district court denies leave to amend because the claims asserted by the

Cir. 2000).

Fed.R.Civ.P. 15(c)(2) provides that "[a]n amendment of a pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." For Petitioner's new claims to be timely, it must be shown that they "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion. Davenport, 217 F.3d at 1344. In order to relate back, an untimely claim "must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. Id. at 1345 (citations omitted).

"Instead, in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Id. (citations omitted). The court in Pruitt found that, "[t]he Davenport rule makes clear that the key factor is whether the amended claims arise from the same underlying facts as the original claims." Pruitt, 274 F.3d at 1319.

After comparing Petitioner's claims in his motion to amend with his claims in his § 2255 motion, the Court finds that the new

---

petition to amend are untimely, or whether the district court allows the amendment and dismisses the claims as being barred by the statute of limitations period." As such, even if the Court had previously given Petitioner permission to amend the motion, the newly added claims still would be subject to the relation back analysis.

claims relate back to his timely-filed § 2255 motion.  As such,
Petitioner's motion for leave to amend or supplement his § 2255 is
granted.   Nonetheless, the six additional claims do not entitle
Petitioner to relief.

As indicated above, Petitioner contends that he is actually
innocent of his enhanced statutory sentence under statute as well
as the career offender enhancement because his Florida convictions
for simple possession of cocaine and possession with intent to
deliver cannabis are not felonies under federal law and therefore
cannot be used to enhance his sentence.  He argues that the Court
both exceeded its jurisdiction and violated the Fifth Amendment in
enhancing his sentencing under the statute and the guidelines.  He
further argues ineffective assistance of counsel in failing to
raise these issues.  Petitioner relies on Moncrieffe to support his
claims.

Moncrieffe addressed whether a Georgia conviction for
possession of marijuana with the intent to distribute constituted
an "aggravated felony" for "drug trafficking" under the Immigration
and Nationality Act, 8 U.S.C. § 1101(a)(43)(B).  133 S.Ct. 1678.
Petitioner's reliance on Moncrieffe is misplaced, however.
Notably, Moncrieffe did not interpret a "felony drug offense" under
§ 841(b)(1)(B) and has no application in this case for purposes of
determining whether a statutory enhancement was appropriate.
Rather, Title 21, United States Code, section 802(44) provides the

exclusive definition of a "felony drug offense." <u>Burgess v. United States</u>, 553 U.S. 124 (2008).  Specifically, a "felony drug offense" for purposes of enhanced penalties pursuant to § 841(b)(1)(B) is defined as an offense "punishable by imprisonment for more than one year under any law of the United States or of a State...."  21 U.S.C. § 802(44).  For the reasons previously stated in section IV.A., Petitioner has at least two prior felony drug offenses and was therefore subject to statutory enhanced penalties.

Similarly, <u>Moncrieffe</u> does not apply to a "controlled substance offense" under the sentencing guidelines.  The Court previously found in section IV.B. above that Petitioner's convictions for possession of marijuana with intent to sell constitute "controlled substance offenses."  Petitioner therefore was properly considered a career offender.

In light of the foregoing, Petitioner has not shown that the Court lacked jurisdiction or violated the Fifth Amendment in determining he was subject to a mandatory minimum sentence of ten years as to Counts One and Three and sentencing him as a career offender.  Nor has he shown any prejudice resulting from his counsel's failure to raise these claims.

IT is therefore ORDERED that:

1)  Petitioner's Motion Requesting Leave to Amend and/or Supplement Section 28 U.S.C. § 2255 Motion Pursuant to Rules 15(a) and/or 15(c) of the Federal Rules of Procedure (Cv-D-15) is

GRANTED.

2)    Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1), as amended by the claims included in Cv-D-15, is DENIED as to all claims except his claim of ineffective assistance of counsel in failing to file a motion to suppress.  The Court DEFERS ruling on that claim.

3)    An evidentiary hearing solely relating to Petitioner's claim of ineffective assistance of counsel in failing to file a motion to suppress the 2006 traffic stop and subsequent search is hereby scheduled for **Tuesday, October 15, 2013 at 1:30 p.m.** at the **Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue,** Courtroom **TBA, Tampa.**

3)    Counsel for the Government shall take appropriate steps to ensure that Petitioner is transported to the Tampa, Florida, area at least seven (7) days prior to the hearing so that he may meet with newly appointed counsel and attend the hearing.  Further, the Government is directed to subpoena AFPD Mary Mills to be present at the hearing with the file concerning her representation of Petitioner as well as any other witnesses deemed necessary by the Government to address the issue set forth above.

4)    Magistrate Judge  Mark A Pizzo is requested to appoint counsel for Petitioner and instruct said counsel to secure the attendance of any witnesses deemed necessary by Petitioner to

address the issue.

DONE AND ORDERED at Tampa, Florida this 11th day of September, 2013.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE